IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MCGARRY & MCGARRY, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> BANKRUPTCY MANAGEMENT SOLUTIONS, INC., <br><br> Defendant. | CASE NO. 1:17-CV-05779 <br> JUDGE JOAN H. LEFKOW |

**DEFENDANT BANKRUPTCY MANAGEMENT
SOLUTIONS, INC.'S MOTION TO DISMISS**

Defendant Bankruptcy Management Solutions, Inc. ("BMS"), by and through its undersigned counsel, respectfully requests, pursuant to Federal Rule of Civil Procedure 12(b)(6), that this Court dismiss the Complaint of Plaintiff, McGarry & McGarry, LLC ("Plaintiff"), in its entirety. In support thereof, BMS states as follows:

1. On September 14, 2016, Plaintiff filed a complaint against BMS alleging a conspiracy in restraint of trade. According to this Court, Plaintiff's putative class action alleged "a horizontal conspiracy to fix the manner of charging fees for its bankruptcy software services in violation of Section 1 of the Sherman Act (count I), as well as an identical claim of violation of the Illinois Antitrust Act, 740 ILCS 10/3 (count II)." Opinion and Order, dated June 16, 2017 (the "Order") at 6-7, in *McGarry & McGarry, LLC v. Bankruptcy Management Solutions, Inc.*, Case No. 16 CV 8914.

2. On June 16, 2017, this Court granted BMS's motion to dismiss the federal claim with prejudice. The Court based its decision on BMS's *Illinois Brick* argument. Order at 4-7. The Court held that, as the bankruptcy estate (of which Plaintiff was a creditor) is the direct

purchaser of BMS's services, the *Illinois Brick* doctrine would bar Plaintiff's claim.  More to the point, the Court noted Plaintiff's admission that it was "not a purchaser in any respect" but was instead a "distributee" of the bankruptcy estate.  The Court concluded that this "admission dooms any argument for antitrust standing." Order at 6-7.

3. On July 13, 2017, Plaintiff filed its Complaint in this case in the Circuit Court of Cook County, Law Division, asserting a single claim against BMS under the Illinois Antitrust Act ("IAA"), 740 ILCS 10/3.

4. On August 8, 2017, BMS removed the state-court action to this Court (based on diversity jurisdiction, as more fully stated in the Notice of Removal). (Dkt #1.)

5. For the reasons set forth below and in BMS's accompanying Memorandum of Law in Support of Its Motion to Dismiss, BMS requests that this Court dismiss the Complaint, pursuant to Rule 12(b)(6), for failure to state a claim.

6. First, Plaintiff does not have standing to assert its alleged claim because (1) Plaintiff has effectively admitted that it is not a "purchaser" and does not have standing under the IAA, (2) the Court's previous decision collaterally estops Plaintiff from relitigating its standing, and (3) the Court was correct in its prior decision on this issue.

7. Second, the Complaint should be dismissed because Plaintiff has failed to plead sufficient facts under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  Specifically, Plaintiff purports to plead both "direct" and "circumstantial" allegations in support of its claim; but Plaintiff fails to satisfy the requirement set forth in *Twombly* that a complaint contain "enough factual matter (taken as true) to suggest that an agreement was made" – more precisely, factual allegations "plausibly suggesting (not merely consistent with) agreement."  Parallel conduct, without more is insufficient to show conspiracy. *Twombly*, 550 U.S. at 556-57.

8. Third, the Complaint should be dismissed because BMS's alleged efforts, whether individual or collective, to lobby for regulatory change are absolutely privileged pursuant to the *Noerr-Pennington* doctrine. *See United Mine Workers of America v. Pennington,* 381 U.S. 657, 670 (1965) ("Joint efforts to influence public officials do not violate the antitrust laws even though intended to eliminate competition.").

9. Fourth, the Complaint should be dismissed because Plaintiff's claims are barred as a matter of waiver, *res judicata*, and bankruptcy law. Specifically, if, *arguendo*, Plaintiff has a claim, that claim arises solely because of the administration of its claim in the *Integrated Genomics* bankruptcy proceedings. Because of the nature of bankruptcy proceedings, Plaintiff was required to assert its claim in bankruptcy court, or not at all. At this point, the claim is barred.

WHEREFORE, BMS respectfully requests that this Court:

a) Dismiss the Complaint in its entirety, with prejudice; and

b) Grant such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: September 18, 2017 | Respectfully submitted, |
| | By: */s/ Jonathan M. Herman* |
| LEONARDMEYER, LLP<br>Michael I. Leonard<br>120 North LaSalle, 20th Floor<br>Chicago, Illinois 60602<br>Telephone: 312-380-6559<br>Facsimile: 312-264-0671 | Jonathan M. Herman (admitted *pro hac vice*)<br>herman.jonathan@dorsey.com<br>Kaleb McNeely (admitted *pro hac vice*)<br>mcneely.kaleb@dorsey.com<br>Dorsey & Whitney LLP<br>51 West 52nd Street<br>New York, NY 10019-6119<br>Telephone: 212-415-9247<br>Facsimile: 646-607-0943 |
| | Michael A. Lindsay (admitted *pro hac vice*)<br>lindsay.michael@dorsey.com<br>Dorsey & Whitney LLP<br>Suite 1500, 50 South Sixth Street<br>Minneapolis, MN 55402-1498<br>Telephone: 612-340-7819<br>Facsimile: 952-516-5637 |
| | Attorneys for Defendant Bankruptcy Management Solutions, Inc. |

4

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on September 18, 2017, I caused the foregoing document, as well as the attached Memorandum in Support of Motion to Dismiss and Declaration of Jonathan M. Herman, to be electronically filed with the Clerk of the Court using the CM/ECF system.

*/s/ Jonathan M. Herman*
Jonathan M. Herman